2022 IL App (1st) 211216-U

FIFTH DIVISION
August 19, 2022

No. 1-21-1216

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | |
|---|---|
| R RESTAURANT GROUP LLC, an Illinois Limited Liability Company; LASALLE STREET RESTAURANT LLC, d/b/a CITY SOCIAL KITCHEN & BAR, an Illinois Limited Liability Company; MADISON RESTAURANT LLC, d/b/a MADISON TAVERN, an Illinois Limited Liability Company; 216 RESTAURANT LLC, d/b/a JACKSON TAVERN, an Illinois Limited Liability Company; SMITH & WELLS LLC, d/b/a RANDOLPH TAVERN, an Illinois Limited Liability Company; LAKE RESTAURANT + BAR LLC, d/b/a LAKE STREET KITCHEN + BAR, an Illinois Limited Liability Company; 1840 PICKWICK, LLC, an Illinois Limited Liability Company; PRIME BAR CHICAGO LLC, d/b/a PRIME BAR, an Illinois Limited Liability Company; PRIME BAR AMERICA LLC, an Illinois Limited Liability Company; ROSEMONT RESTAURANT LLC, d/b/a PARK TAVERN, an Illinois Limited Liability Company; 1645 W JACKSON INC., d/b/a PARK TAVERN, an Illinois Corporation; | Appeal from the Circuit Court of Cook County. |
| Plaintiffs-Appellants; | |
| v. | No. 20 L 4464 |
| SOCIETY INSURANCE, A MUTUAL COMPANY; | Honorable Moshe Jacobius, |
| Defendant-Appellee. | Judge Presiding. |

PRESIDING JUSTICE DELORT delivered the judgment of the court.
Justices Hoffman and Connors concurred in the judgment.

**ORDER**

¶ 1    *Held:* Because plaintiffs' insurance policies did not provide coverage for losses caused by governmental COVID-related mitigation orders, the circuit court did not err in granting the defendant insurance company's motion for judgment on the pleadings. Affirmed.

¶ 2    Plaintiffs R Restaurant Group LLC; Lasalle Street Restaurant LLC, d/b/a City Social Kitchen & Bar; Madison Restaurant LLC, d/b/a Madison Tavern; 216 Restaurant LLC, d/b/a Jackson Tavern; Smith & Wells LLC, d/b/a Randolph Tavern; Lake Restaurant + Bar LLC, d/b/a Lake Street Kitchen + Bar; 1840 Pickwick, LLC; Prime Bar Chicago LLC, d/b/a Prime Bar; Prime Bar America LLC; Rosemont Restaurant LLC, d/b/a Park Tavern; 1645 W Jackson Inc., d/b/a Park Tavern filed a declaratory judgment action against defendant Society Insurance (Society) seeking insurance coverage for alleged business interruption losses caused by the governor's executive orders, which were instituted to limit the operations of restaurants during the height of the COVID-19 pandemic. Defendant filed a motion for judgment on the pleadings pursuant to section 2-615(e) of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-615(e) (West 2020)), which the circuit court granted. Plaintiffs appeal, contending that the court erred in denying their claims for declaratory judgment, breach of contract, and statutory bad faith denial of coverage. We affirm.

¶ 3                              BACKGROUND

¶ 4    Plaintiffs own and operate various restaurants and bars in the Chicago area. Plaintiffs each obtained a "Businessowners Policy" (the policy) from Society. Each policy included a "Businessowners Special Property Coverage Form" (the Special Coverage Form). The operative portions of the policies at issue here are identical to the operative portions of the policies at issue

in a case we recently decided. See *State & 9 Street Corp. v. Society Insurance*, 2022 IL App (1st) 211222-U, ¶¶ 6-13. These portions include the following: section (A)(3) (entitled "Covered Causes Of Loss") of the Special Coverage Form; subsection (g) (entitled "Business Income"), subsection (h) (entitled "Extra Expense"), subsection (k) (entitled "Civil Authority"), and subsection (m) (entitled "Contamination") of section (A)(5) (entitled "Additional Coverages") of the Special Coverage Form; subsection (a) (entitled "Ordinance Or Law") of section (B)(1) (entitled "Exclusions") of the Special Coverage Form; and section (H) (entitled "Property Definitions") of the Special Coverage Form. For the sake of brevity, we do not repeat them here, but we incorporate these portions herein by reference.

¶ 5    On March 16, 2020, pursuant to the emergency powers granted him under section 7 of the Illinois Emergency Management Agency Act (20 ILCS 3305/7 (West 2020)), Governor JB Pritzker entered several executive orders in response to the COVID-19 pandemic. See, *e.g.*, Exec. Order No. 2020-07, 44 Ill. Reg. 5536 (Mar. 16, 2020) (ordering the suspension of on-premises consumption of food and beverages but allowing off-premises consumption), https://www2.illinois.gov/Documents/ExecOrders/2020/ExecutiveOrder-2020-07.pdf; Exec. Order No. 2020-10, 44 Ill. Reg. 5857 (Mar. 20, 2020) (designating restaurants serving food for off-premises consumption to be "essential" businesses), https://www2.illinois.gov/Documents/ExecOrders/2020/ExecutiveOrder-2020-10.pdf; Exec. Order No. 2021-10, 45 Ill. Reg. 22 (May 17, 2021) (modifying the parameters related to on-premises dining), https://coronavirus.illinois.gov/resources/executive-orders/display.executive-order-number-10.2021.html. None of the orders prevented restaurant or tavern operators from selling food for carry-out or delivery.

¶ 6    On April 21, 2020, plaintiffs filed their complaint for declaratory relief, breach of contract, and bad faith denial of insurance coverage. Plaintiffs sought, *inter alia*, a declaration of rights

pursuant to the Society policies. Society filed its answer and affirmative defenses, as well as a counatercomplaint against plaintiffs for declaratory judgment. On May 4, 2021, Society moved for judgment on the pleadings under section 2-615(e) of the Code (735 ILCS 5/2-615(e) (West 2020)). After briefing and oral argument, the circuit court entered an order granting Society's motion for judgment on the pleadings on August 24, 2021. This appeal followed.

¶ 7                                     ANALYSIS

¶ 8     Plaintiffs argue that the circuit court erred when it held that the pleadings failed to establish the existence of "direct physical loss of or damage to" their property under the Business Income and Extra Expense coverages of the policies. Plaintiffs also contend that the court erred in finding that their pleadings failed to establish the existence of coverage under the civil authority coverage provision of the policies. Finally, plaintiffs argue that they properly pleaded a claim for bad faith denial of coverage.[1]

¶ 9     We note that in the circuit court, this case was designated as related to multiple other cases where restaurants and/or taverns sued regarding coverage under a Society Insurance businessowners policy. The cases were all assigned to the same judge, proceeded on the same track, and were terminated through identical orders dismissing each case for essentially the same reasons. Many of the plaintiffs have appealed to this court, and, in this court, the appeals have been designated as related and assigned to the same author and panel.

---

[1]    Plaintiffs further complain that the circuit court only examined whether there was coverage under the Civil Authority provision because the court found that the provision constituted " 'the main thrust of the parties' arguments.' " As Society points out, however, plaintiffs have forfeited this argument for failure to raise it below. See *Coghlan v. Beck*, 2013 IL App (1st) 120891, ¶ 63 (citing *Haudrich v. Howmedica, Inc.*, 169 Ill. 2d 525, 536 (1996). Moreover, we review the judgment, not the reasoning, of the circuit court and may affirm on any basis in the record, regardless of whether the circuit court relied upon that basis or whether the circuit court's reasoning was sound. *Id.* ¶ 24.

¶ 10    In one of those appeals, this court recently issued a decision rejecting the same arguments plaintiffs raise here.  See *State & 9 Street*, 2022 IL App (1st) 211222-U.  In that case, the plaintiffs also sought insurance coverage for Covid-related shutdowns and procured businessowners policies from the same defendant as in this case.  *Id.* ¶¶ 2, 6.  As noted above, the relevant portions of the plaintiffs' insurance policies were verbatim copies of the relevant portions of the policies at issue here.  *Id.* ¶¶ 6-13.  Society filed a motion to dismiss, which the circuit court granted, and the plaintiffs appealed.  *Id.* ¶ 14.

¶ 11    We initially noted that the policies at issue were not "all risk" policies that would also cover business interruption losses; rather, they were policies that only covered property losses, which require "physical loss of or damage to property."  *Id.* ¶ 25.

¶ 12    The plaintiffs there contended that they sufficiently alleged the existence of a direct loss of or damage to their property and that the circuit court erred in finding that coverage is unavailable if the loss could not " 'be seen with the naked eye.' "  *Id.* ¶ 27.  There, as here, the plaintiffs sought coverage under the "Business Income," "Extra Expense," and "Civil Authority" provisions,[2] claiming that they suffered "direct physical loss of or damage to" property at their premises.  *Id.* We noted that the policies defined "Covered Causes of Loss" as "Direct Physical Loss unless the loss is excluded or limited under this coverage form."  *Id.* ¶ 28.

¶ 13    We began with a discussion of a recent second district case—which involved precisely the same policy language—and a well-established decision from our supreme court.  *Id.* ¶¶ 29-33 (citing *Sweet Berry Café, Inc. v. Society Insurance, Inc.*, 2022 IL App (2d) 210088; and *Travelers*

---

[2]  Plaintiffs in this case provide a single sentence—with no additional analysis—in their opening brief in support of their claim of coverage pursuant to the "Civil Authority" provision.  It repeats that same sentence (indeed, the entire paragraph) in their reply brief, along with a second paragraph bereft of case analysis or discussion.  This argument is undeveloped and thus forfeited. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020).

*Insurance Co. v. Eljer Manufacturing, Inc.*, 197 Ill. 2d 278, 292-93 (2001)). We quoted *Sweet Berry*'s holding that the policy " 'unambiguously' " required a physical alteration or substantial dispossession, not merely loss of use. *Id.* ¶ 32. We also noted both *Sweet Berry*'s statement that "physical injury to tangible property" was unambiguous and also our supreme court's holding that a physical injury must alter the property either in appearance, shape, color, or some other "material dimension." (Internal quotation marks removed.) *Id.* ¶ 33 (quoting *Sweet Berry*, 2022 IL App (2d) 210088, ¶ 41 (quoting *Eljer*, 197 Ill. 2d at 301)). We thus rejected the plaintiffs' contention and held that the plaintiffs' claim resulting from the various COVID-19 orders constituted an economic loss and not a physical loss that would trigger coverage under the policies. *Id.* ¶ 36.

¶ 14 We further rejected the plaintiffs' reliance upon a "handful" of federal trial court decisions because those courts failed to consider our supreme court's interpretation of the term "physical" in *Eljer*. *Id.* ¶¶ 38-39 (distinguishing *In re Society Insurance Co. COVID-19 Business Interruption Protection Insurance Litigation*, 521 F. Supp. 3d 729 (N.D. Ill. 2021); and *Studio 417, Inc. v. Cincinnati Insurance Co.*, 478 F. Supp. 3d 794 (W.D. Mo. 2020)). We thus elected to follow Illinois courts and the Seventh Circuit (interpreting Illinois law) because those decisions were both directly on point and controlling on the question presented. *Id.* ¶ 39 (citing *Sweet Berry*, 2022 IL App (2d) 210088, ¶ 43; *Lee v. State Farm Fire and Casualty Co.*, 2022 IL App (1st) 210105, ¶ 19; *Sandy Point Dental, P.C. v. Cincinnati Insurance Co.*, 20 F. 4th 327, 335 (7th Cir. 2021)).

¶ 15 Finally, we affirmed the dismissal of the plaintiffs' bad faith claim against Society. *Id.* ¶¶ 51-52. We stated that, since no coverage was owed, plaintiffs' sole argument that the court erred in finding that they failed to allege coverage under the policies necessarily failed. *Id.*

¶ 16 In this case, plaintiffs make precisely the same arguments that the plaintiffs made (and which we rejected) in *State & 9 Street*. Plaintiffs' contentions that (1) they successfully alleged

policy coverage under the "Business Income" or "Extra Expense" provisions, (2) we should rely upon the federal trial decision in *In re Society Insurance*, and (3) the circuit court erred in rejecting their statutory claim of bad faith denial of coverage necessarily fail because they have not provided anything to convince us to set aside the persuasive reasoning in *State & 9 Street*.

¶ 17    Plaintiffs argue, nonetheless, that the absence of a virus exclusion in the policies warrants coverage, and it cites *Village of Rosemont v. Lentin Lumber Co.*, 144 Ill. App. 3d 651 (1986), in support.  Plaintiffs' reliance, however, is misplaced because that case involved an all-risk policy.  See *id.* at 657.  Here, by contrast, the policies at issue cover "*physical* loss of or damage to property" (Emphasis added.)  See *State & 9 Street*, 2022 IL App (1st) 211222-U, ¶ 25.  Moreover, since we have held that there was no policy coverage, the absence of an exclusion does not create coverage.   See *Sweet Berry*, 2022 IL App (2nd) 210088, ¶ 47.  Plaintiffs' argument is thus meritless.

¶ 18    Finally, plaintiffs' argument that the circuit court erred in failing to apply the doctrine of *contra proferentem* (*i.e.*, to construe ambiguous provisions in the insurance policy against the drafter—here, Society) is without merit.  At the outset, we agree with the holding in *Sweet Berry* that the insurance policies were unambiguous.  *Sweet Berry*, 2022 IL App (2nd) 210088, ¶¶ 39-41; accord *State & 9 Street*, 2022 IL App (1st) 211222-U, ¶ 25, 32. Moreover, plaintiffs' argument hinges upon their characterization of the policies as all-risk policies, and is thus doomed:  We have already held that the policies are not all-risk policies but rather those that only covered property losses, which require "physical loss of or damage to property."  *Id.* ¶ 25; see also *supra* ¶ 17. Plaintiffs' claims of error are thus unavailing.

¶ 19                              CONCLUSION

¶ 20     The circuit court did not err in granting defendant's motion for judgment on the pleadings. Plaintiffs' contentions of error here are nearly identical to the plaintiffs' contentions that we rejected in *State & 9 Street*, and plaintiffs here provide no persuasive reason for us to decline to follow the holding of that case. Accordingly, we affirm the judgment of the circuit court of Cook County.

¶ 21     Affirmed.