2022 IL App (1st) 211215-U

FIFTH DIVISION
August 19, 2022

No. 1-21-1215

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| BLACK ROCK RESTAURANTS, LLC, d/b/a THE MARQ, | ) | Appeal from the Circuit Court of Cook County. |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 20 CH 5111 |
| | ) | |
| SOCIETY INSURANCE, A MUTUAL COMPANY, | ) | Honorable |
| | ) | Moshe Jacobius, |
| Defendant-Appellee. | ) | Judge Presiding. |

PRESIDING JUSTICE DELORT delivered the judgment of the court.
Justices Hoffman and Connors concurred in the judgment.

**ORDER**

¶ 1    *Held:*   Because the plaintiff's insurance policy did not provide coverage for losses caused by governmental COVID-related mitigation orders, the circuit court did not err in granting the defendant insurance company's motion to dismiss. Affirmed.

¶ 2    Plaintiff Black Rock Restaurants, LLC, d/b/a The Marq (The Marq) filed a declaratory judgment action against defendant Society Insurance (Society) seeking insurance coverage for alleged business interruption losses caused by the governor's executive orders, which were instituted to limit the operations of restaurants during the height of the COVID-19 pandemic. Defendant filed a motion to dismiss pursuant to section 2-615(a) of the Illinois Code of Civil

Procedure (Code) (735 ILCS 5/2-615(a) (West 2020)), which the circuit court granted. Plaintiff appeals, contending that the court erred in denying its claims for declaratory judgment, breach of contract, and statutory bad faith denial of coverage. We affirm.

¶ 3                                    BACKGROUND

¶ 4     Plaintiff owns and operates a restaurant and bar in Chicago, and it obtained a "Businessowners Policy" (the policy) from Society. The policy included a "Businessowners Special Property Coverage Form" (the Special Coverage Form). The operative portions of the policy at issue here are identical to the operative portions of the policies at issue in a case we recently decided. See *State & 9 Street Corp. v. Society Insurance*, 2022 IL App (1st) 211222-U, ¶¶ 6-13. These portions include the following:  section (A)(3) (entitled "Covered Causes Of Loss") of the Special Coverage Form; subsection (g) (entitled "Business Income"), subsection (h) (entitled "Extra Expense"), subsection (k) (entitled "Civil Authority"), and subsection (m) (entitled "Contamination") of section (A)(5) (entitled "Additional Coverages") of the Special Coverage Form; subsection (a) (entitled "Ordinance Or Law") of section (B)(1) (entitled "Exclusions") of the Special Coverage Form; and section (H) (entitled "Property Definitions") of the Special Coverage Form. For the sake of brevity, we do not repeat them here, but we incorporate these portions herein by reference.

¶ 5     On March 16, 2020, pursuant to the emergency powers granted him under section 7 of the Illinois Emergency Management Agency Act (20 ILCS 3305/7 (West 2020)), Governor JB Pritzker entered several executive orders in response to the COVID-19 pandemic. See, *e.g.*, Exec. Order No. 2020-07, 44 Ill. Reg. 5536 (Mar. 16, 2020) (ordering the suspension of on-premises consumption of food and beverages but allowing off-premises consumption), https://www2.illinois.gov/Documents/ExecOrders/2020/ExecutiveOrder-2020-07.pdf; Exec. Order No.

2020-10, 44 Ill. Reg. 5857 (Mar. 20, 2020) (designating restaurants serving food for off-premises consumption to be "essential" businesses), https://www2.illinois.gov/Documents/ExecOrders/2020/ExecutiveOrder-2020-10.pdf; Exec. Order No. 2021-10, 45 Ill. Reg. 22 (May 17, 2021) (modifying the parameters related to on-premises dining), https://coronavirus.illinois.gov/resources/executive-orders/display.executive-order-number-10.2021.html. None of the orders prevented restaurant or tavern operators from selling food for carry-out or delivery.

¶ 6     On May 8, 2020, plaintiff filed its complaint for declaratory relief, breach of contract, and bad faith denial of insurance coverage. Plaintiff sought, *inter alia*, a declaration of rights pursuant to the Society policy. Society filed its answer and affirmative defenses, as well as a countercomplaint against plaintiff for declaratory judgment. On October 20, 2020, Society moved for judgment on the pleadings under section 2-615(e) of the Code (735 ILCS 5/2-615(e) (West 2020)). After briefing and oral argument, the circuit court entered an order granting Society's motion for judgment on the pleadings on August 24, 2021. This appeal followed.

¶ 7                                    ANALYSIS

¶ 8     Plaintiff argues that the circuit court erred when it held that the pleadings failed to establish the existence of "direct physical loss of or damage to" its property under the Business Income and Extra Expense coverages of the policy. Plaintiff also contends that the court erred in finding that its pleadings failed to establish the existence of coverage under the contamination and civil authority coverages of the policy. Finally, plaintiff argues that it properly pleaded a claim for bad faith denial of coverage.

¶ 9     We note that in the circuit court, this case was designated as related to multiple other cases where restaurants and/or taverns sued regarding coverage under a Society Insurance businessowners policy. The cases were all assigned to the same judge, proceeded on the same

track, and were terminated through identical orders dismissing each case for essentially the same reasons. Many of the plaintiffs have appealed to this court, and, in this court, the appeals have been designated as related and assigned to the same author and panel.

¶ 10    In one of those appeals, this court recently issued a decision rejecting the same arguments plaintiff raises here. See *State & 9 Street*, 2022 IL App (1st) 211222-U. In that case, the plaintiffs also sought insurance coverage for Covid-related shutdowns and procured businessowners policies from the same defendant as in this case. *Id.* ¶¶ 2, 6. As noted above, the relevant portions of the plaintiffs' insurance policies were verbatim copies of the relevant portions of the policy at issue here. *Id.* ¶¶ 6-13. Society filed a motion to dismiss, which the circuit court granted, and the plaintiffs appealed. *Id.* ¶ 14.

¶ 11    We initially noted that the policies at issue were not "all risk" policies that would also cover business interruption losses; rather, they were policies that only covered property losses, which requires "physical loss of or damage to property." *Id.* ¶ 25.

¶ 12    The plaintiffs there contended that they sufficiently alleged the existence of a direct loss of or damage to their property and that the circuit court erred in finding that coverage is unavailable if the loss could not " 'be seen with the naked eye.' " *Id.* ¶ 27. There, as here, the plaintiffs sought coverage under the "Business Income," "Extra Expense," and "Civil Authority" provisions,[1] claiming that they suffered "direct physical loss of or damage to" property at their premises. *Id.* We noted that the policies defined "Covered Causes of Loss" as "Direct Physical Loss unless the loss is excluded or limited under this coverage form." *Id.* ¶ 28.

---

[1]    Plaintiff in this case provides a single sentence—with no additional analysis—in its opening brief in support of its claim of coverage pursuant to the "Civil Authority" provision. It repeats that same sentence (indeed, the entire paragraph) in its reply brief. This argument is undeveloped and thus forfeited. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020).

¶ 13     We began with a discussion of a recent second district case—which involved precisely the same policy language—and a well-established decision from our supreme court.  *Id.* ¶¶ 29-33 (citing *Sweet Berry Café, Inc. v. Society Insurance, Inc.*, 2022 IL App (2d) 210088; and *Travelers Insurance Co. v. Eljer Manufacturing, Inc.*, 197 Ill. 2d 278, 292-93 (2001)).  We quoted *Sweet Berry*'s holding that the policy " 'unambiguously' " required a physical alteration or substantial dispossession, not merely loss of use.  *Id.* ¶ 32.  We also noted both *Sweet Berry*'s statement that "physical injury to tangible property" was unambiguous and also our supreme court's holding that a physical injury must alter the property either in appearance, shape, color, or some other "material dimension."  (Internal quotation marks removed.)  *Id.* ¶ 33 (quoting *Sweet Berry*, 2022 IL App (2d) 210088, ¶ 41 (quoting *Eljer*, 197 Ill. 2d at 301)).  We thus rejected the plaintiffs' contention and held that the plaintiffs' claim resulting from the various COVID-19 orders constituted an economic loss and not a physical loss that would trigger coverage under the policies.  *Id.* ¶ 36.

¶ 14     We further rejected the plaintiffs' reliance upon a "handful" of federal trial court decisions because those courts failed to consider our supreme court's interpretation of the term "physical" in *Eljer*.  *Id.* ¶¶ 38-39 (distinguishing *In re Society Insurance Co. COVID-19 Business Interruption Protection Insurance Litigation*, 521 F. Supp. 3d 729 (N.D. Ill. 2021); and *Studio 417, Inc. v. Cincinnati Insurance Co.*, 478 F. Supp. 3d 794 (W.D. Mo. 2020)).  We thus elected to follow Illinois courts and the Seventh Circuit (interpreting Illinois law) because those decisions were both directly on point and controlling on the question presented.  *Id.* ¶ 39 (citing *Sweet Berry*, 2022 IL App (2d) 210088, ¶ 43; *Lee v. State Farm Fire and Casualty Co.*, 2022 IL App (1st) 210105, ¶ 19; *Sandy Point Dental, P.C. v. Cincinnati Insurance Co.*, 20 F. 4th 327, 335 (7th Cir. 2021)).

¶ 15    Finally, we affirmed the dismissal of the plaintiffs' bad faith claim against Society. *Id.* ¶¶ 51-52.  We stated that, since no coverage was owed, plaintiffs' sole argument that the court erred in finding that they failed to allege coverage under the policies necessarily failed.  *Id.*

¶ 16    In this case, plaintiff makes precisely the same arguments that the plaintiffs made (and which we rejected) in *State & 9 Street*.  Plaintiff's contentions that (1) it successfully alleged policy coverage under the "Business Income" or "Extra Expense" provisions and (2) we should rely upon the federal trial decision in *In re Society Insurance* necessarily fail because it has not provided anything to convince us to set aside our reasoning in *State & 9 Street*.

¶ 17    Plaintiff argues, nonetheless, that the absence of a virus exclusion in the policy warrants coverage, and it cites *Village of Rosemont v. Lentin Lumber Co.*, 144 Ill. App. 3d 651 (1986), in support.  Plaintiff's reliance, however, is misplaced because that case involved an all-risk policy.  See *id.* at 657.  Here, by contrast, the policy at issue covers "*physical* loss of or damage to property" (Emphasis added.)  See *State & 9 Street*, 2022 IL App (1st) 211222-U, ¶ 25.  Moreover, since we have held that there was no policy coverage, the absence of an exclusion does not create coverage.  See *Sweet Berry*, 2022 IL App (2nd) 210088, ¶ 47.  Plaintiff's argument is thus meritless.

¶ 18    Finally, plaintiff's argument that the circuit court erred in failing to apply the doctrine of *contra proferentem* (*i.e.*, to construe ambiguous provisions in the insurance policy against the drafter—here, Society) is without merit.  At the outset, we agree with the holding in *Sweet Berry* that the insurance policy was unambiguous.  *Sweet Berry*, 2022 IL App (2nd) 210088, ¶¶ 39-41; accord *State & 9 Street*, 2022 IL App (1st) 211222-U, ¶ 25, 32.  Moreover, plaintiff's argument hinges upon its characterization of the policy as an all-risk policy, and is thus doomed:  We have already held that the policy is not an all-risk policy but rather one that only covered property losses,

6

which requires "physical loss of or damage to property." *Id.* ¶ 25; see also *supra* ¶ 17. Plaintiff's claims of error are thus unavailing.

¶ 19                                                    CONCLUSION

¶ 20     The circuit court did not err in granting defendant's motion to dismiss. Plaintiff's contentions of error here are nearly identical to the plaintiffs' contentions that we rejected in *State & 9 Street*, and plaintiff here provides no persuasive reason for us to decline to follow the holding of that case. Accordingly, we affirm the judgment of the circuit court of Cook County.

¶ 21     Affirmed.